**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | |
|---|---|
| **ANDRE JACKSON,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| **v.** ) | **CV 623-019** |
| ) | **(CR 620-001)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

<u>**GOVERNMENT'S MOTION TO DISMISS JACKSON'S**</u>
<u>**28 U.S.C. § 2255 MOTION**</u>

Movant Andre Jackson moves to vacate his sentence under 28 U.S.C. § 2255. (Doc. 1281.)[1]  He asserts that he no longer qualifies as a career offender under the sentencing guidelines as a result the Eleventh Circuit's opinion in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc).  (Doc. 1281 at 4, 13-16.)  For the reasons discussed below, the government respectfully requests this Court dismiss Jackson's § 2255 motion.

<u>**BACKGROUND**</u>

***A.    Plea agreement.***

Jackson entered into a written plea agreement with the government, in which he agreed to plead guilty to the lesser-included offense contained under Count One of the indictment, that is, conspiracy to possess with intent to distribute and to distribute five grams or more of methamphetamine, a quantity of marijuana, and a

---

[1] Record citations reference documents filed in the underlying criminal case.

quantity of cocaine.  (Doc. 834, ¶ 1.)  The plea agreement informed Jackson of the elements of the offense, the factual basis, and the statutory range of punishment. (Doc. 834, ¶¶ 2-3.)  It detailed the constitutional rights Jackson waived by pleading guilty.  (Doc. 834, ¶ 11.)  The plea agreement described the Court's use of the sentencing guidelines and that no one had made any promise about the sentence. (Doc. 834, ¶¶ 4-5.)  The plea agreement also contained a collateral-attack waiver. (Doc. 834, ¶ 10(b).)  Jackson signed the plea agreement, acknowledging he had read the agreement, understood each provision, and voluntarily agreed to it.  (Doc. 834 at 12.)

### B.    *Rule 11 hearing.*

On November 12, 2020, Jackson pled guilty under the written plea agreement. (PSR ¶ 6.)  The Court confirmed with Jackson that he wished to plead guilty to the lesser-included offense under Count 1, and that this was his own decision.  (Doc. 1286 at 4.)  Jackson stated no one was forcing him to make this decision, and that he had plenty of time to confer with his attorney.  (Doc. 1286 at 4-5, 11-12.)  The Court outlined the constitutional trial rights Jackson was waiving by pleading guilty; Jackson understood.  (Doc. 1286 at 9-11.)  It also reviewed the charge to which Jackson was pleading guilty, along with its elements.  (Doc. 1286 at 13-14.)  Jackson understood and had no questions.  (Doc. 1286 at 14.)  The Court explained the statutory range of punish, its use of the sentencing guidelines, and the 18 U.S.C. § 3553(a) factors.  (Doc. 1286 at 14-16.)  Jackson confirmed to the Court that no one had made any promises about his sentence.  (Doc. 1286 at 16-17.)

2

Next, the Court went over the written plea agreement with Jackson.  (Doc. 1286 at 19.)  Jackson acknowledged reading the agreement, reviewing it with his attorney, and understanding the agreement's terms.  (Doc. 1286 at 19.)  Jackson stated he initialed every page of the plea agreement indicating he read all of it, and that he had signed the agreement.  (Doc. 1286 at 20-21.)   The government summarized the plea agreement, including the collateral-attack waiver.  (Doc. 1286 at 22-23.) Jackson admitted it was an accurate summary of the plea agreement.  (Doc. 1286 at 23.)  Still, the Court went over some of the plea agreement provisions in more detail, such as the collateral attack waiver.   (Doc. 1286 at 23-24.)   Jackson affirmatively agreed to the waiver.  (Doc. 1286 at 24.)

The government proffered a factual basis for the plea.  (Doc. 1286 at 24-26.) After that, Jackson indicated he still wished to plead guilty and that he did not disagree with any of the government's facts.  (Doc. 1286 at 26.)  Jackson stated no promises had been made to him and that no one was threatening or pressuring him to plead guilty.  (Doc. 1286 at 26-27.)  Based on the information provided at the hearing, the Court found Jackson knowingly and voluntarily pled guilty, so it accepted his guilty plea.  (Doc. 1286 at 28-29.)

### C.   *PSR and sentencing.*

The U.S. Probation Office prepared a presentence investigation report (PSR). Based on Jackson's prior convictions, the PSR concluded he was a career offender under U.S.S.G. §§ 4B1.1(a) and (b)(2).  (PSR ¶ 27.)   His advisory guidelines range was 188 to 235 months' imprisonment.  (PSR ¶ 60.)  Jackson had no objections to the

3

PSR.  (PSR adden.)

On April 22, 2021, the Court held a sentencing hearing.  (Doc. 1043.)  It sentenced Jackson to 188 months' imprisonment.  (Doc. 1043.)  The Court filed its judgment on April 30, 2021.  (Doc. 1054 at 1.)  Jackson did not appeal.

Jackson filed his § 2255 motion on February 28, 2023.  (Doc. 1281 at 12.)  He is currently incarcerated at FCI Jesup with a projected release date of May 13, 2033.[2]

## Relevant Standards

Jackson's burden of proof is high.  "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.  "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Frady*, 456 U.S. 152, 166 (1982).  Only claims that are constitutional, jurisdictional, or of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack.  *See United States v. Addonizio*, 442 U.S. 178, 184-86 (1979).  No evidentiary hearing is required where "the motion and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  *See also Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (denying petition without a hearing where petitioner "failed to allege the kind of 'prejudice' necessary to satisfy the second prong of the *Strickland v. Washington* test.").

---

[2] BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Apr. 10, 2023).

## ARGUMENT

### A. *Jackson's complaint about his career offender guidelines calculation is not cognizable under § 2255.*

Jackson's complaint about his career offender guideline calculation is not cognizable under § 2255. *See Spencer v. United States*, 773 F.3d 1132, 1140 (11th Cir. 2014) (en banc) ("Any miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory."). Even if Jackson was incorrectly determined to be a career offender, "[b]ecause there has been no 'complete miscarriage of justice,' there can be no collateral review of [Jackson's] sentence." *Id.* at 1144. As the Eleventh Circuit explains, "[a] defendant's erroneous designation as a career offender is not a fundamental defect inherently resulting in a complete miscarriage of justice." *Terry v. United States*, No. 20-11928, 2020 WL 4977478, at *1 (11th Cir. Aug. 19, 2020) (citing *Spencer*, 773 F.3d at 1138).

Although Jackson alleges that, as a result of *Dupree*, he is "actually innocent" of being a career offender, that argument is misplaced.[3] In this context, actual innocence refers to factual innocence, not legal insufficiency. *See McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011). Here, the alleged error is legal, not factual. For this reason, there is no miscarriage of justice. *Spencer*, 773 F.3d at 1138 (holding that "erroneously designating a defendant as a career offender . . . is not a

---

[3] The Eleventh Circuit has yet to hold that, in a § 2255 context, a petitioner may claim actual innocence in a noncapital case. *See Spencer*, 773 F.3d at 1176 n.9; *see also Gilbert v. United States*, 640 F.3d 1293, 1321 (11th Cir. 2011) ("[T]he better view is that the exception does not apply to non-capital sentencing errors.").

fundamental defect that inherently results in a complete miscarriage of justice").

Based on the above, Jackson's § 2255 motion should be dismissed.

### B.    *Jackson's § 2255 motion is untimely.*

Additionally, this Court should dismiss Jackson's motion as untimely.  Section 2255(f) contains a one-year statute of limitations for pursuing § 2255 cases under certain circumstances.  One such circumstance is one year from the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  And another, under § 2255(f)(3), provides a one-year statute of limitations running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  The triggering date, though, remains when the right was initially recognized by the Supreme Court.  *See French v. United States*, 732 F. App'x 836, 838 (11th Cir. 2018).

First, as to § 2255(f)(1), Jackson's judgment was entered on April 30, 2021.[4] (Doc. 1054.)  He had until May 14, 2021, to file a notice of appeal, which he did not. *See* Fed. R. App. P. 4(b)(1)(A)(i).  Thus, Jackson had until May 16, 2022, to file his § 2255 motion.  But he did not file his motion until February 28, 2023—more than nine months after the deadline.

Next, Jackson cannot rely on *Dupree* to restart his one-year deadline under § 2255(f)(3).  This is because *Dupree* is not a Supreme Court case, nor has it been made

---

[4] Jackson was actually sentenced on April 22, 2021.  (Doc. 1043.)

retroactively applicable to cases on collateral review by the Supreme Court. *See In re Boyd*, No. 23-10705, 2023 U.S. App. LEXIS 6824, at *3 (11th Cir. Mar. 21, 2023) ("*Dupree* is our decision, not a retroactively applicable decision of the U.S. Supreme Court."). Moreover, Jackson cannot satisfy § 2255(f)(2) because his claim does not involve an impediment created by unlawful government action which prevented him from timely making his motion. And § 2255(f)(4) is inapplicable because discovery of a new legal theory is not the same as a discoverable fact. *See Young v. United States*, No. 20-10334, 2020 WL 4334037, at *1 (11th Cir. Apr. 29, 2020) (citing *Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (1st Cir. 2008)).

For the above reasons, Jackson's § 2255 motion should be dismissed.

## C. *Jackson procedurally defaulted his career offender claim by failing to raise it on direct appeal.*

Next, Jackson procedurally defaulted his career offender guidelines claim when he did not raise it on direct appeal. *See, e.g., Granda v. United States*, 990 F.3d 1272, 1285-86 (11th Cir. 2021). "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005). "A ground of error is usually available on direct appeal when its merits can be reviewed without further *factual* development." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (internal quotation omitted; emphasis added). A § 2255 motion is not "a surrogate for direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).

Thus, in order to pursue a defaulted claim in a habeas corpus case, Jackson must demonstrate both cause and actual prejudice. *See Lilly v. United States*, 792

7

F.2d 1541, 1544-45 (11th Cir. 1986) (explaining in § 2255 proceeding, movant could not raise Rule 11 violation that he failed to raise on direct appeal because he could not demonstrate cause or prejudice); *see also Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013); *Bousley v. United States*, 523 U.S. 614, 622 (1998). Specifically, Jackson "must show both (1) 'cause' excusing his procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Brown*, 720 F.3d at 1333 (internal citation marks omitted). Regarding the cause prong, the defendant must demonstrate that some external impediment prevented him from raising the claim on direct appeal; "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623; *see also Weeks v. Jones*, 52 F.3d 1559, 1561 (11th Cir. 1995). "To demonstrate prejudice, the second prong, [the defendant] 'must shoulder the burden of showing, not merely that the errors at his trial [or sentencing] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions.'" *Brown*, 720 F.3d at 1333.

Here, Jackson cannot establish cause excusing his procedural default. Nothing prevented Jackson from raising these challenges on direct appeal, and Jackson provides no reasonable and acceptable reason excusing this failure. In fact, the appellant's brief in *Dupree*—which argued that § 846 offenses were not "controlled substance offenses" for purposes of § 4B1.2—was filed in the Eleventh Circuit on August 18, 2020, which was prior to both Jackson's change-of-plea hearing and his

sentencing hearing.  *See* Appellant's Brief at 11, *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (No. 19-13776), 2020 WL 4884016, at *11.  Thus, the building blocks for Jackson's argument existed at the time Jackson was sentenced in his case. *See McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (explaining defendant could not demonstrate cause regarding *Apprendi* claim because "the building blocks for arguing it were obviously in existence" at the time he was convicted); *Lynn*, 365 F.3d at 1235 ("In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all."); *Hill v. United States*, 569 F. App'x 646, 648 (11th Cir. 2014) ("Hill also cannot satisfy the cause and prejudice exception because, although his claim was foreclosed by this Court's precedent when Hill was sentenced, the perceived futility of a claim does not establish cause to excuse the default.").

But, even if Jackson were to demonstrate cause, he cannot establish actual prejudice.  In this context, the actual prejudice must be *constitutional* prejudice.  *See Frady*, 456 U.S. at 170 (holding in § 2255 proceeding, movant "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions").  As described above, however, a miscalculation of the sentencing guidelines is neither a constitutional error nor a complete miscarriage of justice.  *See Spencer*, 773 F.3d at 1140; *see also Roberson v. United States*, No. 2:15-cr-10, 2018 WL 1746132, at *10 (S.D. Ga. Apr.

11, 2018) ("Roberson's claim that the Court improperly calculated his offense level at his sentencing hearing is not a constitutional one.").

Because Jackson can demonstrate neither cause nor actual prejudice, he has procedurally defaulted his guidelines claim, which should be dismissed.

### D.   *Jackson's collateral-attack waiver precludes his guidelines challenge.*

Finally, this Court should dismiss Jackson's § 2255 motion based on the collateral-attack waiver in his plea agreement. The Eleventh Circuit has repeatedly upheld waivers of appellate and post-conviction rights executed as part of a plea agreement. *See United States v. DiFalco*, 837 F.3d 1207, 1220 (11th Cir. 2016); *United States v. Bascomb*, 451 F.3d 1292, 1296-97 (11th Cir. 2006); *United States v. Buchanan*, 131 F.3d 1005, 1009 (11th Cir. 1997); *see also United States v. Huff*, 726 F. App'x 765, 766 (11th Cir. 2018); *United States v. Murphy*, 502 F. App'x 880, 881-82 (11th Cir. 2012); *United States v. Ramos*, 433 F. App'x 893, 896-97 (11th Cir. 2011). Where a defendant entered into the plea agreement and waiver knowingly and voluntarily, and where the defendant's collateral challenge falls within the scope of that waiver, the agreement must be enforced and the collateral challenge dismissed. *See United States v. Hardman*, 778 F.3d 896, 899 (11th Cir. 2014) ("A valid and enforceable appeal waiver, however, only precludes challenges that fall within its scope."); *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008) ("A sentence appeal waiver must be made knowingly and voluntarily."). "A waiver is valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant

10

otherwise understood the full significance of the waiver." *Johnson*, 541 F.3d at 1066. Further, as to scope, the Eleventh Circuit explains that "[a]n appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

Jackson's guilty plea was knowingly and voluntarily entered.  Here, the plea agreement expressly outlines the terms of the collateral-attack waiver.  (Doc. 834, ¶ 10(b).)  The plea agreement informed Jackson about the charges, the elements of the offense, the factual basis, and the statutory range of punishment.  (Doc. 834, ¶¶ 1-3.) It stated the constitutional rights Jackson waived by pleading guilty.  (Doc. 834, ¶ 11.)  The plea agreement described the Court's use of the sentencing guidelines.  (Doc. 834, ¶¶ 4-5.)  Jackson signed his name, acknowledging he read and understood the plea agreement, and voluntarily agreed to it.  (Doc. 843 at 12.)  The Court reviewed the plea agreement with Jackson at the Rule 11 hearing, including the collateral attack waiver, and it accepted his guilty plea.  (Docs. 831, 834-1; Doc. 1286 at 19-24, 28-29.)

Therefore, the record demonstrates that Jackson knowingly and voluntarily entered into the plea agreement and its collateral-attack waiver.  *See Johnson*, 541 F.3d at 1066.  As such, Jackson's challenge to his guidelines calculations is not covered by the sole exception in the collateral-attack waiver, and it falls within the waiver's scope; therefore, Jackson's motion should be dismissed.  *See Hardman*, 778 F.3d at 899; *Grinard-Henry*, 399 F.3d at 1296; *see also United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999) ("Waiver would be nearly meaningless if it included

only those appeals that border on the frivolous.").

## <u>Conclusion</u>

For the foregoing reasons, the United States respectfully requests that Jackson's § 2255 motion be dismissed.  (Doc. 1281.)

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

***/s/ Justin G. Davids***

Justin G. Davids
Assistant United States Attorney
Missouri Bar No. 57661
*justin.davids@usdoj.gov*

P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") that was generated as a result of electronic filing in this Court.  Additionally, a copy has been mailed to:

Andre Jackson, Reg. No. 23435-021
FCI Jesup
Federal Correctional Institution
Inmate Legal Mail
2680 301 South
Jesup, Georgia 31599

This April 10, 2023.

JILL E. STEINBERG
UNITED STATES ATTORNEY

*/s/ Justin G. Davids*
Justin G. Davids
Assistant United States Attorney
Missouri Bar No. 57661
*justin.davids@usdoj.gov*

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422