IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ANDRE JACKSON, | |
| Movant, | CIVIL ACTION NO.: 6:23-cv-19 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 6:20-cr-1) |
| Respondent. | |

## REPORT AND RECOMMENDATION

Movant Andre Jackson ("Jackson"), who is currently housed at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  Doc. 1.  Respondent filed a Motion to Dismiss, and Jackson filed a Response.  Docs. 3, 5.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Jackson's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Jackson *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

Jackson was charged, along with 25 co-defendants, by indictment of: conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846; conspiracy to use, carry, or possess firearms, in violation of 18 U.S.C. § 924(c)(1)(A) and (o); and five counts of distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1).  United States v. Toussaint, 6:20-cr-1 ("Crim. Case"), Doc. 3.  On October 13, 2020, the Government notified the Court the Government was able to reach a plea

agreement with Jackson, whereby Jackson agreed to plead guilty to the lesser-included offense of conspiracy to possess with intent to distribute (count 1).  Crim. Case, Docs. 785, 834.  The Honorable R. Stan Baker sentenced Jackson to 188 months in prison on April 22, 2021, and entered judgment on April 30, 2021.  Crim. Case, Doc. 1054.  Judge Baker noted Jackson's criminal history resulted in his designation as a career offender.  Crim. Case, Doc. 1053.  Jackson did not file a direct appeal but submitted a letter to request transcripts on October 28, 2021.  Crim. Case, Doc. 1174.

Jackson signed his § 2255 Motion on February 28, 2023, and it was filed on March 13, 2023.  Doc. 1.  He contends he is actually innocent of the career offender enhancement because the offense to which he pleaded guilty—conspiracy—is not a qualifying, controlling offense.  Id. at 4.  Jackson asserts his claim was not available to him until the Eleventh Circuit Court of Appeals issued its decision in United States v. Dupree, 57 F.4th 1269 (11th Cir. 2023), and he should be re-sentenced without the career offender enhancement.  Id. at 9, 12.

Respondent has moved to dismiss Jackson's Motion, arguing the Motion is untimely.  In addition, Respondent maintains Jackson's sentencing claim is: not cognizable under § 2255; procedurally defaulted because he did not raise it on direct appeal; and barred by the collateral attack waiver contained in Jackson's plea agreement.  Doc. 3.

## DISCUSSION

### I.     Jackson's Motion Is Not Timely

To determine whether Jackson filed his § 2255 Motion in a timely manner, the Court must look to the applicable statute of limitations periods.  Motions made via § 2255 are subject to a one-year statute of limitations period.  28 U.S.C. § 2255(f).  This limitations period runs from the latest of:

2

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Jackson was sentenced to 188 months' imprisonment on April 22, 2021, and the Court's final judgment was entered April 30, 2021.  Crim. Case, Doc. 1054.  Jackson had 14 days, or until May 14, 2021, to file a notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires).  Because Jackson did not file an appeal, he had until May 14, 2022, to file a timely § 2255 motion.  28 U.S.C. § 2255(f)(1).  However, he did not execute his § 2255 Motion until February 28, 2023, and it was filed on March 13, 2023.  Consequently, Jackson's Motion is untimely under § 2255(f)(1) by over nine months' time.  Townsend v. Crews, No. 14-24126-CIV, 2014 WL 6979646, at *6 (S.D. Fla. Dec. 9, 2014) ("The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late." (quoting Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999))).

Jackson does not argue he is entitled to the limitations periods found in § 2255(f)(1), (2), or (4); instead, Jackson argues he is entitled to the statute of limitations period set forth in

3

§ 2255(f)(3) due to the Dupree decision. In Dupree, which was issued on January 18, 2023, the Eleventh Circuit held the "definition of controlled substance offense" within the meaning of § 4B1.2(b) of the United States Sentencing Guidelines "does not include inchoate offenses[,]" such as conspiracy. 57 F.4th at 1271. The Eleventh Circuit has applied this holding in a direct appeal. See United States v. Bautista-Villareal, Nos. 22-10839, 22-10840, 2023 WL 4363995, at *2 (11th Cir. July 6, 2023) (granting motion for reversal on conspiracy count, vacating sentence, and remanding for resentencing consistent with Dupree). However, the Eleventh Circuit issued this decision, not the United States Supreme Court; thus, § 2255(f)(3) does not provide Jackson with a new event for statute of limitations purposes because Dupree is not a retroactively applicable Supreme Court decision. To be sure, the Supreme Court has not determined the amendment to the career offender Guideline is a new rule of constitutional law. See In re Boyd, No. 23-10705 (11th Cir. Mar. 21, 2023) (denying application for authorization to file a second or successive § 2255 motion based, in part, on the Dupree decision because Dupree is a decision of the Eleventh Circuit, not a retroactively applicable Supreme Court decision), ECF No. 2-1, p. 3.

In short, Jackson fails to show entitlement to an extended or new statute of limitations period. To the extent Jackson could argue the statute of limitations period should be equitably tolled, the Court now turns to whether Jackson is entitled to equitable tolling of the applicable statute of limitations period.

## II.     Jackson Is Not Entitled to Equitable Tolling

The applicable limitations period is not jurisdictional, and, as a consequence, the established one-year limitation "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). "A movant 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

4

stood in his way and prevented him from timely filing.'" Williams v. United States, 586 F. App'x 576, 576 (11th Cir. 2014) (quoting Holland, 560 U.S. at 649). Equitable tolling is typically applied sparingly and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). "The [movant] bears the burden of proving his entitlement to equitable tolling," Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), "and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the [movant] must establish both." Williams v. Owens, No. CV113-157, 2014 WL 640525, at *3 (S.D. Ga. Feb. 18, 2014) (citing Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006)); Damren v. Florida, 776 F.3d 816, 821–22 (11th Cir. 2015).

Jackson claims he is actually innocent of the career offense enhancement. Doc. 1 at 4. Claims of actual innocence may allow review of claims, even when a § 2255 motion is filed outside the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218–19 (11th Cir. 2000). However, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536–37 (2006) (citation omitted). The actual innocence exception "is exceedingly narrow in scope[.]" Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted).

Here, Jackson has not shown extraordinary circumstances prevented him from timely filing his Motion. Jackson has not presented any evidence, much less new evidence, to suggest he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Jackson fails to assert his innocence of the crime of conviction. Rather, his sole ground for relief is his sentence was improperly calculated. In making this

argument, Jackson relies on a case not made retroactively applicable to cases on collateral review such as the instant § 2255 Motion. Jackson is not entitled to equitable tolling of the statute of limitations. The Court should **GRANT** Respondent's Motion to Dismiss on this ground and **DISMISS** Jackson's § 2255 Motion as untimely filed.[1]

### III.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Jackson leave to appeal *in forma pauperis*. Though Jackson has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[1]     I need not review the remaining portions of Respondent's Motion to Dismiss. Doc. 3. Jackson makes no response to these portions. Doc. 5. Additionally, I would recommend the Court grant Respondent's Motion on the additional grounds raised for the reasons Respondent advances in its Motion.

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Jackson's § 2255 Motion and the Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Jackson a Certificate of Appealability, Jackson is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there

7

are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Jackson's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Jackson a Certificate of Appealability and *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of

Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 17th day of April, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA