IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ANDRE JACKSON, | |
| Movant, | CIVIL ACTION NO.: 6:23-cv-19 |
| v. | (Case No.: 6:20-cr-1) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**O R D E R**

After the Court adopted the Magistrate Judge's Report and Recommendation as the opinion of the Court but before judgment was entered, Movant Andre Jackson ("Jackson") filed Objections. (Doc. 8.) The Court has considered Jackson's Objections, but the Objections do not undermine in any way the Magistrate Judge's Report and Recommendation or provide any reason why that recommendation should not have been adopted.

Jackson asserts the Magistrate Judge failed to address whether claims of actual innocence of a career offender enhancement fall under the actual innocence exception to allow for the equitable tolling of the statute of limitations period applicable to 28 U.S.C. § 2255 motions. (Id. at p. 2.) Jackson's claim before the Court is that he is actually innocent of the career offender enhancement because his conspiracy offense—the offense to which he pleaded guilty—is not a qualifying offense for that enhancement. (Doc. 1, p. 4.) The Magistrate Judge thoroughly analyzed whether Jackson is entitled to a new statute of limitations period based on the Eleventh Circuit Court of Appeals' decision in United States v. Dupree, 57 F.4th 1269 (11th Cir. 2023), and I need not recount that analysis here. (Doc. 6, pp. 2–4). The Magistrate Judge's analysis and conclusion

are correct statements of the law. Additionally, the Magistrate Judge did address whether Jackson's claim of actual innocence would allow for review of his career offender enhancement and determined Jackson failed to meet his burden for entitlement to equitable tolling of the statute of limitations. (Id. at pp. 5–6.) Indeed, the Magistrate Judge observed that Jackson's sole ground for relief is his sentence, which includes a career offender enhancement, was improperly calculated. Jackson's reliance on Dupree is misplaced, as that decision is not retroactively applicable to cases on collateral review, i.e., Section 2255 motions like Jackson's. (Id.) Stated differently, Jackson is not entitled to relief on the basis set forth in his Section 2255 Motion, and the Magistrate Judge addressed Jackson's claims but found Jackson's claims legally insufficient. In short, Jackson's Objections fail.

Thus, the Court **OVERRULES** Jackson's Objections. The Court's May 13, 2024 Order remains the Order of this Court. (Doc. 7.)

**SO ORDERED**, this 13th day of June, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA